RAYMOND L. MASON *vs.* LOUIS W. MARINELLI, executor. November 2, 1960. Exceptions overruled. This is an action, the declaration in which is in two counts, to recover for personal injury and property damage received in a collision of automobiles on October 24, 1956, at the intersection of Main and Lewis streets in Hudson. There was evidence that the defendant's testator, hereinafter called the defendant, driving north on Lewis Street, failed to stop at a duly authorized "stop sign" before entering the intersection, and collided with a car driven by the plaintiff which was proceeding west on Main Street and had first entered the intersection. The jury having reported to the court that they found the defendant grossly negligent and the plaintiff also negligent, the judge thereupon ordered verdicts for the defendant. At the conclusion of the charge the plaintiff saved an exception to "the instruction given which imports that at an intersection of two public highways one of which bears stop signs duly authorized by law, that it is a violation of law, if the jury finds the one on the highway without a stop sign broke the law, if he did not slow down to fifteen miles per hour as he entered the intersection." The judge did not charge to this effect. No request for instructions had been presented to him and he correctly charged that speed exceeding fifteen miles per hour in approaching and traversing an intersection is "prima facie evidence of speed that is greater than reasonable and proper." G. L. c. 90, § 17. If, as we understand the plaintiff's exception, it is to the judge's failure to instruct the jury that a failure of the defendant to comply with a notice to stop rendered inapplicable as to the plaintiff the statutory evidential rule, the exception is without merit.

*John J. Philbin, (Austin A. Philbin* with him,) for the plaintiff.

*Mayo A. Darling,* for the defendant.